Robert E. Barry, Esq.  SBN 020984
Robert H. Willis, Esq. SBN 22765
William F. Shore III, Esq.  SBN  007728
**BURDMAN & SHORE, PLLC.**
2999 N. 44th Street, Suite 535
Phoenix, Arizona 85018
Telephone: (602) 222-3023
Fax: (602) 222-3024

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ALFRED ALBANO, et al., | Case No.  CV07-02359-PHX-SMM (LEAD) |
| Plaintiffs, | Case No.  CV08-0505-PHX-SMM (CONS) |
| v. | **MOTION TO REMAND TO MARICOPA COUNTY SUPERIOR COURT FOR LACK OF DIVERSITY** |
| SHEA HOMES LIMITED PARTNERSHIP, et al., | |
| Defendants. | **-AND-** |
| | **MOTION FOR COSTS AND FEES** |
| | **(ORAL ARGUMENT REQUESTED)** |
| | ECF FILING |
| | (Assigned to Honorable Stephen M. McNamee) |

Plaintiffs, by and through counsel undersigned, hereby move to remand this matter to Maricopa County Superior Court because: (1) there is no diversity of citizenship between the parties; (2) Defendants have not established that the amount in controversy has been met; and/or, (3) Defendants have waived any opportunity to remove this matter to the United States District Court.

In January 2008, Plaintiffs first moved to remand this matter. In the days and weeks that followed thereafter, Plaintiffs filed other various motions as well (e.g., motions to amend, other motions to remand and motions to dismiss).  On May 1, 2008 the Court struck all such pending motions filed by Plaintiffs, and directed Plaintiffs to re-file a single motion. **(Exhibit 12 attached).**  Plaintiffs therefore, hereby move at this time to once again, remand this matter to Maricopa County Superior Court.  Plaintiffs will suspend the other above-mentioned motions until this threshold issue is decided.  Plaintiffs also move for attorneys' fees and costs pursuant to 28 U.S.C. section 1447(c).

I.     STATEMENT OF FACTS

On June 13, 2003, the *Hoffman v. Shea* matter was filed, as a class action involving all of the homes that are the subject of this matter. **(See Exhibit 1 attached).** Before the filing of this lawsuit, Plaintiffs requested a meeting with Defendants which was ignored, Plaintiffs also gave Notice and Opportunity to Repair pursuant to A.R.S. § 12-1363, et seq**.** even though the statute was not yet law.  **(See Exhibit 2 attached).**  This case was filed in Maricopa County Superior Court and captioned as *Hoffman v. Shea*, case number CV2003-011388.   **(See Exhibit 1 attached).**  On February 24, 2006, Judge Gaines denied Plaintiffs' Motion for Class Certification as well as Plaintiffs' Motion for Leave to Amend the Complaint to add additional homeowners. **(See Exhibit 3 attached).** As the Court denied Plaintiffs' Motion for Class Certification and Plaintiffs' Motion for Leave to Amend the Complaint to add additional homeowners, the Plaintiffs that are the subject of this action filed a new lawsuit in Maricopa County Superior Court captioned as *Albano v. Shea*, CV2006-008120, dated May 30, 2006.  **(See Exhibit 4 attached).**  This lawsuit did not include any homeowners that were not the subject of the original *Hoffman v. Shea* non-certified class action case. **(See Exhibit 5 attached.  See also, Exhibit 1 attached).**    Prior to filing the lawsuit, Plaintiffs gave Notice and Opportunity to Repair pursuant to A.R.S. § 12-1363, et seq.  **(See Exhibit 6 attached).**   The new lawsuit was then filed in Maricopa County Superior Court captioned as *Albano v. Shea*, CV2007-

1  020525, dated November 5, 2007.  **(See Exhibit 7 attached).**  Defendants filed a Motion
2  to Dismiss for failure to comply with a technical provision of A.R.S. § 12-1363, et seq.
3  The Court, per the Hon. Judge Janet E. Barton, stated that Plaintiffs had given proper
4  Notice and Opportunity to Repair in compliance with A.R.S. § 12-1363 but had failed to
5  respond in the manner prescribed by the statute and, therefore, granted Defendants'
6  Motion to Dismiss for failure to comply with a technical provision of A.R.S. § 12-1363.
7  **(See Exhibit 8 attached).**   Plaintiffs then gave Notice and Opportunity to Repair a third
8  time.  **(See Exhibit 9 attached).**   Upon completion of Notice and Opportunity to Repair
9  as required by A.R.S. § 12-1363, et seq., Plaintiffs filed the instant action captioned as
10  *Albano v. Shea*, *et al.* CV2007-020525, dated November 5, 2007, again in Maricopa
11  County Superior Court.

12  On November 28, 2007, Defendants filed a Notice of Removal in Maricopa
13  County Superior Court and the matter was removed to this Court – after several years of
14  above-mentioned litigation with Defendants relevant to the subject residential community
15  (and others), this was the first time that Defendants expressed/sought removal.  **("See**
16  **moving papers - Defendants' Notice of Removal") (Dkt. 1).**   On January 2, 2008,
17  Plaintiffs first moved to remand this matter back to Maricopa County Superior Court.
18  Plaintiffs also filed other various motions herein (motions to amend, dismiss and other
19  motions to remand) but this Court has ordered these motions stricken due to the fact that
20  they were filed separately and multiply and were in short, with the various exhibits,
21  extremely confusing to keep straight.  **(See Exhibit 12 attached).**  Plaintiffs therefore,
22  submit this single Motion to determine proper jurisdiction and will take up the other
23  above-mentioned various motions with the proper court thereafter.

24
25  ///
26  ///
27  ///
28

## II. THE COURT SHOULD REMAND THIS MATTER TO MARICOPA COUNTY SUPERIOR COURT BECAUSE THERE IS NO DIVERSITY OF CITIZENSHIP

The Plaintiffs named in the instant action were all the subject of Plaintiffs' Motion for Leave to Amend the Complaint in the *Hoffman v. Shea* action as well as the named Plaintiffs in the first *Albano v. Shea* action. **(See Exhibit 5 attached).** No other homeowners have been named as Plaintiffs (no other counts or parties have been added) since the *Hoffman v. Shea* matter and *Albano v. Shea* matter. **(See Exhibit 5 attached. See also, Exhibit 1 attached).**

Each home that is the subject of this action is located in Gilbert, Arizona, County of Maricopa. **(See Exhibit 5 attached . See also, Exhibit 7 attached).** Each homeowner is domiciled in Arizona and most, if not all, reside at the listed addresses in Gilbert, Arizona. **(See Exhibit 5 attached. See also, Exhibit 11 attached).**

Defendants are Shea Homes Limited Partnership, a California Limited Partnership ("SHLP"), and J.F. Shea Co., Inc. dba "Shea Homes" ("hereinafter "JFSCI"), a Nevada corporation. **(See Exhibits 7, 10 & 13 attached).** Plaintiffs contracted with Shea Homes Arizona Limited Partnership, an Arizona limited partnership ("SHAzLP"), whose general partner is SHLP and its limited partners are 17 Trusts (**See Exhibit 13 attached**) to purchase the subject homes. The general partner of SHLP is JFSCI and other various limited partners – unknown to Plaintiffs." **(See Exhibits 10, 13 and 14 attached).**

In order for a Federal Court to have subject matter jurisdiction for diversity of citizenship, there must be complete diversity where no Plaintiff is from the same jurisdiction as any Defendant. *Strawbridge v. Curtiss*, 3 Cranch 267 at 267.

> A controversy is not 'between citizens of different states,' so as to give jurisdiction to the federal courts, unless all the persons on one side of it are citizens of different states from all the persons on the other side.

*Strawbridge v. Curtiss* at 267.

-4-

1  In order for a Federal Court to have jurisdiction, there must be *complete diversity* of
2  citizenship and no Plaintiff may be domiciled in the same state as any Defendant. *Id.*

> If there be two or more joint plaintiffs, and two or more joint defendants, each of the plaintiffs must be capable of suing, each of the defendants, in the courts of the United States, in order to support the jurisdiction. *Id.,* see also *Tosco Corp. v. Cmtys. For a Better Envt.*, 236 F.3d 495, 499 (9th Cir. 2001).

The citizenship of an unincorporated entity is determined by looking at the citizenship of each of the individuals or entities that comprise the legal entity, not by the state under which it is organized. Carden v. Arkoma Assocs., 494 U.S. 185, 196 (1990). Here, Defendant SHLP, a California limited partnership whose principal place of business according to the documents it filed with the Arizona Secretary of State (**See Exhibit 13 attached**), is in Maricopa County, Arizona, is the general partner of SHAzLP whose principal place of business is also in Maricopa County, Arizona (**Again, see Exhibit 13 attached**) and since SHLP's partner (e.g., SHAzLP is a citizen of Arizona) and one of SHLP's principal places of business is in Arizona (as well as JFSCI's, another partner), under Arkoma above, SHLP is also a citizen of Arizona.

Because SHLP is clearly a citizen of Arizona for purposes of diversity and because most, if not all of the named Plaintiffs are domiciled, there is no diversity of citizenship under *Strawbridge* and 28 U.S.C. § 1332. Since there is no diversity of citizenship, this Court does not have jurisdiction and should remand this case to Maricopa County Superior Court.

### III.  SHEA HAS NOT DEMONSTRATED THE AMOUNT IN CONTROVERSY TO BE MET

"The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C.A. § 1332(a).  It is the burden of proof on the removing party to

demonstrate the amount in controversy is met. *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940. This amount may not be considered in the aggregate unless there is one single damage sought by all Plaintiffs." *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255 at 1262. "Generally, if no single Plaintiff's claim satisfies the requisite amount in controversy, there can be no diversity jurisdiction." *Id.* "When two or more Plaintiffs having separate and distinct demand unit for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount." *Id.*

Here, Plaintiffs have not completed their investigation in this matter and do not have a cost estimate for the homes that are the subject of this action. The cost estimates referred to in paragraph 4 of Defendants' Notice of Removal is for 3 homes that are now settled in the original *Hoffman* matter. No cost of repair has been alleged for any home that is the subject of the present action. 28 U.S.C.A. § 1332(a) also states that the amount in controversy must exceed "$75,000, exclusive of interest and costs." Defendants allege $200,000 in costs in ¶ 4 of their notice of removal. This is completely irrelevant for the amount in controversy. Plaintiffs and their experts and counsel simply do not have a cost of repair prepared yet for these homes because that investigation has just not yet been conducted. Plaintiffs do, however, expect the cost to repair the homes to be between $40,000 and $70,000 and, in fact, not to exceed $75,000 for any home. Since Shea has not demonstrated the amount in controversy to have been met, the Court should remand this matter to Maricopa County Superior Court.

**IV.   SHEA HAS WAIVED THE RIGHT TO REMOVE THIS MATTER TO UNITED STATES DISTRICT COURT BY NOT ASSERTING REMOVAL IN A TIMELY MANNER**

This matter was originally filed on June 12, 2003 as the *Hoffman v. Shea* matter as a putative class action. All homeowners presently represented were in this development and the subject of this class action. The Court later denied class certification for this matter and denied Plaintiffs' Motion for Leave to Amend Complaint to add the

-6-

1 homeowners that are the subject of this action.  The *Hoffman v. Shea* matter resolved in
2 its entirety in Maricopa County Superior Court and no removal motion was ever filed.
3       Upon Judge Gaines denial of the Motion for Class Certification and the Motion
4 for Leave to Amend, Plaintiffs gave Notice and Opportunity to Repair pursuant to A.R.S.
5 § 12-1363, et seq. and later filed *Albano v. Shea* in Maricopa County Superior Court
6 CV2006-008120 on March 1, 2006.  All of the named Plaintiffs that are the subject of this
7 action were named in that lawsuit.  Defendants filed a Motion to Dismiss for failure to
8 comply with the technical provision of A.R.S. § 12-1363, et seq.   The Court, although
9 stating that Plaintiffs had in fact given proper notice under A.R.S. § 12-1363 and
10 complied with that aspect of the statute, dismissed the lawsuit for Plaintiffs' failure to
11 respond in a timely manner pursuant to A.R.S. § 12-1363, et seq.  **(See Exhibit 8**
12 **attached).**  Plaintiffs again gave Notice and Opportunity to Repair and again completely
13 cured any defects and deficiencies with compliance with A.R.S. § 12-1363, and then filed
14 the instant action in Maricopa County Superior Court, again captioned as *Albano v. Shea*,
15 but with case number CV2007-020525.  Defendant did not ever answer that case but
16 instead filed the Notice of Removal and removal that it is the subject of this motion.
17       28 U.S.C. § 1441 is (a jurisdictional statute which must be strictly construed).
18 *Wilson v. U.S. Dept. of Agriculture*, 584 F.2d 137 at 142, and always construed "in favor
19 of remand." *Baucom v. Pilot Life Insurance Co.*, 674 F.Supp. 1175.  If not asserted, the
20 right of removal is waived.  *Wilson* at 142.  *See also*, 28 U.S.C. § 1441.
21       Because Shea allowed the putative class action in this matter to be resolved in its
22 entirety without removing or asserting removal, Shea has waived its right to remove this
23 matter.  Because Shea allowed motion practice to occur on the predecessor of this matter,
24 *Albano v. Shea* case, cause number CV2006-008120, where each and every homeowner
25 that is named in this matter was a named Plaintiff to be decided in its entirety in Maricopa
26 County Superior Court, Shea has waived its right to remove this matter to Federal Court.
27 Because Shea moved and successfully dismissed the predecessor of this matter in
28 Maricopa County Superior Court, Shea has waived any opportunity to remove this matter

1  to Federal Court.  Even if the amount in controversy has been met and Shea could in fact
2  demonstrate complete diversity, the Court should deny the instant motion because Shea
3  has waived the right to remove this matter by allowing motion practice to proceed in
4  Superior Court and resolve the predecessor-in-interest of this case in its entirety in
5  Superior Court.  Shea conducted motion practice for the exact predecessor of this case
6  containing all parties that are the subject of the present lawsuit and actually had the
7  matter dismissed in Maricopa County Superior Court.  They now seek to remove the very
8  same action with all the same parties where they failed to do so in the underlying action.
9  Removal jurisdiction and the Rules of Court do not permit such gamesmanship and
10 forum shopping and counsel to make use of the beneficial forum to have a case dismissed
11 on a technicality and then when it is re-brought with all the same Plaintiffs and no
12 additional parties remove the case for the balance of the case to proceed in Federal Court.
13 This type of "forum shopping" is simply not permitted by the rules and is not in any way
14 fair and equitable to parties and for this reason alone the Court should grant Plaintiffs'
15 Motion to Remand.

## V.  COSTS & FEES

17         Under 28 U.S.C. § 1447(c), after an action has been removed to federal court, an
18 order remanding the action to state court "may require payment of just costs and any
19 actual expenses, including attorney fees, incurred as a result of removal."  Id.  Fees and
20 costs may be awarded regardless the state of mind of the party who removed the action
21 and may be awarded even when removal was "fairly supportable," so long as it was
22 wrong as a matter of law.  Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102,
23 1106 n.6 (9th Cir. 2000).  Here, if anything, the partner of SHLP (i.e., SHAzLP) is a
24 citizen of Arizona and therefore under the law, there is no diversity and Plaintiffs
25 respectfully request reimbursement of their reasonable fees and costs relevant to the
26 remand.

## VI.  CONCLUSION

28     Since there is not complete diversity of citizenship, the amount in controversy is not

met, and/or Shea has waived the right of removal, the Court should remand this matter to Maricopa County Superior Court and award Plaintiffs their fees and costs relevant to same.

RESPECTFULLY E-FILED this 22nd day of May, 2008.

**BURDMAN & SHORE, PLLC.**

By: /s/ Robert E. Barry
Robert E. Barry, Esq.,
Attorney for Plaintiffs

**ORIGINAL** of the foregoing
e-filed on this 22nd day of
May, 2008, with:

Clerk/United States District Court
401 W. Washington
Phoenix, AZ  85003

- and –

**COPY** of the foregoing mailed
this 22nd day of May, 2008, to:

The Honorable Stephen M. McNamee
United States District Judge
401 West Washington, SPC 60
Phoenix, AZ  85003


**COPY** of the foregoing sent
(via U.S. Mail) this 22nd day of
May, 2008, to:

Jill Ann Herman, Esq.
Andrea A. Hewitt, Esq.
**LORBER, GREENFIELD & POLITO, LLP**
8222 South 48th Street, Suite 230
Phoenix, Arizona 85044
Attorneys for Defendants

   /s/ Linda Sukis