**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred Albano, et al.,  )<br>  )<br>         Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>  )<br>Shea Homes Limited Partnership, et al.,  )<br>  )<br>         Defendants.  )<br>  )<br>_____)| No. CV-07-2359-PHX-SMM<br><br>No. CV-08-505-PHX-SMM (consolidated)<br><br>**ORDER** |

   Before the Court is Plaintiffs' Motion to Remand and Motion for Costs and Fees (Dkt. 47). For reasons discussed below, the motion will be denied. Plaintiffs' request for oral argument is denied, as this issue can be resolved on the parties' submissions.

### BACKGROUND

   The cases consolidated before the Court represent the third and fourth lawsuits alleging the existence of construction defects in homes owned by Plaintiffs in a community located in Gilbert, Arizona known as Carriage Lane. The first case, captioned Mark Hoffman, et al. v. Shea Homes Limited Partnership, et al., CV2003-011388 ("Hoffman"), was filed in Superior Court on June 13, 2003. The Superior Court judge in Hoffman denied Plaintiffs' motion for class certification and motion to amend the complaint. Plaintiffs then filed a second action in Superior Court, Albano, et al. v. Shea Homes Limited Partnership, CV2006-00812 ("Albano I"), which was dismissed for

failure to comply with the requirements of the Arizona Purchaser Dwelling Act, A.R.S. §12-1361 *et seq*. ("PDA"). After complying with the PDA, Plaintiffs filed a third action in Superior Court, Albano, et al. v. Shea Homes Limited Partnership, CV2007-020525 ("Albano II"). Albano II was filed on November 5, 2007, and removed to federal court on the basis of diversity jurisdiction on November 28, 2007, case number CV-07-2359. (Lead Case Dkt. 1.) Plaintiffs later sought leave to amend the complaint in Albano II to add as a defendant Shea Homes Arizona Limited Partnership ("SHAZLP"). Plaintiffs also filed a fourth action in Superior Court naming SHAZLP as a defendant, Albano et al. v. Shea Homes Arizona Limited Partnership, CV2008-002357 ("Albano III"). Albano III was filed January 31, 2008, and removed to federal court on diversity grounds on March 13, 2008, the same date on which SHAZLP filed a voluntary appearance in Superior Court. (Consol. Case Dkt. 1.)

Albano II and Albano III were subsequently consolidated and are now before the Court. (Lead Case, Dkt. 35.) Plaintiffs seek to remand these consolidated cases to Superior Court on the grounds that the parties are not diverse, the amount in controversy requirement is not met, and Defendants waived the right to remove. As none of these contentions has merit, Plaintiffs' Motion to Remand will be denied.

**STANDARD OF REVIEW**

A party must move to remand a case for procedural defects within 30 days after a removal notice is filed. 28 U.S.C. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 784-86 (9th Cir. 1992). As long as subject matter jurisdiction over the case is proper, the district court has discretion to exercise jurisdiction over a case removed by defective procedure, because such defects are curable by amendment. Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212-13 (9th Cir. 1980). The district court must remand a case if at any time before final judgment it appears that subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c).

//

**DISCUSSION**

Plaintiffs assert that this matter should be remanded to Superior Court for any of three reasons: (1) total diversity does not exist between the parties; (2) the amount in controversy requirement is not met; and (3) Defendants have waived their right to remove this action.

**A.     Citizenship of the Parties**

Plaintiffs assert that total diversity does not exist between the parties because at least one Defendant, like Plaintiffs, is a citizen of Arizona. (Pls.' Mot. to Remand 4-5.) Defendants are Shea Homes Limited Partnership ("SHLP"), J.F. Shea Co., Inc. ("JFS"), and SHAZLP.

Defendant JFS is a Nevada corporation with its principal place of business in California (Lead Case Dkt. 1, Notice of Removal, Ex. C. ¶ 2; Dkt. 49, Defs.' Resp. to Pl.'s Mot. to Remand, Ex. B ¶ 2.) For purposes of determining citizenship, a corporation is deemed to be a citizen of any State in which it has been incorporated, as well as any the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  For purposes of diversity jurisdiction, JFS is a therefore citizen of both Nevada and California. Id. JFS is not a citizen of Arizona.

Defendants SHAZLP and SHLP are limited partnerships. Citizenship of an unincorporated entity is determined by the citizenship of the individuals or entities that comprise the unincorporated entity. Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990). Defendant SHAZLP's general partner is Defendant SHLP. (Consol. Case, 08-505-SMM, Dkt. 1, Notice of Removal, Ex. C ¶ 3.) Defendant SHLP is a California limited partnership whose general partner is J.F. Shea, L.P., a Delaware limited partnership. (Lead Case, Dkt. 1, Notice of Removal, Ex. C ¶ 2.) J.F. Shea, L.P.'s general partner is JFS Management, L.P., also a Delaware limited partnership. (Id.) JFS Management, L.P.'s general partner is J.F. Shea Construction Management, Inc., a California corporation. (Id.) None of the limited partners for SHLP or SHAZLP reside or are located in Arizona. (Id.; Consol. Case, Dkt. 1, Notice of Removal, Ex. C ¶ 4.)

1    Plaintiffs err in assuming that the citizenship of partnerships is determined in the
2 same manner as that of corporations, such that a partnership is a citizen of the State in
3 which it has its principal place of business.  (See Pl.'s Mot. to Remand 5.)  Carden makes
4 clear that, "for diversity purposes, the citizenship of an artificial entity . . . depends on the
5 citizenship of 'all the members.'" 494 U.S. at 195-96 (internal citations omitted); Kuntz v.
6 Lamar Corp., 385 F.3d 1177, 1182 (9th Cir. 2004)("Despite the functional similarity
7 between limited partnerships and corporations, a limited partnership's citizenship for
8 diversity purpose can be determined only be reference to all of the entity's members.").
9 Nor is a partnership a citizen of the State under whose laws it was organized.  Id. at 189,
10 citing Chapman v. Barney, 129 U.S. 677, 682 (1889).  This is "consistent with the
11 common law presumption that unincorporated associations are not legal entities
12 independent of their members."  Johnson v. Columbia Properties Anchorage, L.P., 437
13 F.3d 894, 899 (9th Cir. 2006)(holding that, like a partnership, an LLC is a citizen of every
14 state of which its owners or members are citizens).
15    In this case, the Court looks to the citizenship of the members of SHAZLP and
16 SHLP.  As the general partners of these entities are themselves partnerships, the Court
17 traces through these various entities to determine that SHAZLP and SHLP are citizens of
18 California (by virtue of J.F. Shea Construction Management, Inc. and certain limited
19 partners), North Carolina (certain limited partners), and Oregon (same).  Therefore
20 neither SHAZLP, nor SHLP is a citizen of Arizona, and total diversity exists.

21    **B.    Amount in Controversy**

22    Plaintiffs next contend that Defendants have not demonstrated the amount in
23 controversy exceeds $75,000.  (Pl.'s Mot. to Remand 5-6.)  The Superior Court complaint
24 is silent as to the amount in controversy, except that such amount exceeds the $50,000
25 minimum to avoid compulsory arbitration.  (Lead Case, Dkt. 1, Notice of Removal, Ex.
26 A.)  The removing Defendants therefore have the burden of proving by a preponderance
27 of the evidence that the amount in controversy exceeds $75,000.  Sanchez v. Monumental
28 Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); Guglielmino v. McKee Foods Corp., 506

1  F.3d 696, 701 (9th Cir. 2007)(applying preponderance of evidence standard on motion to
2  remand).  A removing defendant may not rely on conclusory allegations but must provide
3  some facts to support its claim that the amount in controversy requirement is satisfied.
4  See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).

5  　　　As an initial matter, Plaintiffs concede by virtue of their certification to the
6  Superior Court that they are seeking more than $50,000 per Plaintiff.  See Singer, 116
7  F.3d at 376 (finding district judge did not abuse discretion in accepting formal admission
8  made in open court by the plaintiff's attorney regarding amount in controversy).
9  Defendants present the costs of repair alleged by Plaintiffs in the previous cases, which
10 estimated between $46,900 and $103,200 for three homes involved in litigation.  (Lead
11 Case, Notice of Removal, Ex. B at 3.)  Another preliminary repair estimate submitted by
12 Defendants approximates the total costs of three homes at over $200,000 per home.
13 (Defs.' Resp. to Pls.' Mot. to Remand, Ex. D at 2.)  Plaintiff contends, without supporting
14 evidence, that these homes were settled in the Hoffman case and are therefore irrelevant.
15 (Pls.' Mot. to Remand 6.)

16 　　　Where an underlying statute authorizes an award of attorney's fees, in either
17 mandatory or discretionary language, such fees may be included in the amount in
18 controversy.  Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998).  The
19 Prayer for Relief in Albano II includes a request for attorney's fees pursuant to A.R.S. §
20 12-341.01.  (Lead Case, Notice of Removal, Ex. A; Pls.' Mot. to Remand, Ex. 7 at 21.)
21 The Prayer for Relief in Albano III includes the same request.  (Consol. Case, Dkt. 1,
22 Notice of Removal, Ex. A at 17.)  That statute authorizes an award of attorney's fees in
23 any action arising out of an express or implied contract.  A.R.S. § 12-341.01(A).
24 Plaintiffs' disclosures in the Hoffman case estimated attorney's fees at the time to be
25 $980,000, which indicates, per the contingency fee arrangement between Plaintiffs' and
26 their counsel, total estimated recovery of $2.8 million.  (Defs.' Resp. to Pls.' Mot. to
27 Remand at 11.)
28

1  Defendants submit that this evidence demonstrates that Plaintiffs are claiming
2 between $77,500 and $145,000 per property. (Id. at 12.) In contrast, Plaintiffs assert that
3 they "expect the cost to repair the homes to be between $40,000 and $70,000 and, in fact,
4 not to exceed $75,000 for any home." (Pls.' Mot. to Remand at 6.) Plaintiffs do not
5 support this assertion by affidavit or other evidence. Under these circumstances, the
6 Court finds that Defendants have demonstrated by a preponderance of the evidence that
7 the amount in controversy requirement has been satisfied. See Sanchez, 102 F.3d at 404;
8 Guglielmino, 506 F.3d at 701. Furthermore, so long as some Plaintiffs' claims satisfy the
9 amount in controversy requirement, the Court may exercise supplemental jurisdiction
10 over the remaining Plaintiffs' claims. Exxon Mobil Corp. v. Allapattah Services, Inc.,
11 545 U.S. 546, 558-59 (2005); Guglielmino, 506 F.3d at 701.

**C.  Waiver of Right to Remove**

13  Plaintiffs' final argument is that Defendants waived their right to remove these
14 cases. (Pls.' Mot. to Remand 6-8.) A notice of removal must be filed within 30 days
15 after receipt by the defendant of a copy of the initial pleading setting forth the claim for
16 relief upon which such action is based. 28 U.S.C. § 1446(b). The Complaint in Albano II
17 was filed November 5, 2007. (Lead Case, Dkt. 1, Notice of Removal, Ex. A.)
18 Defendants filed the Notice of Removal on November 28, 2007, within the 30-day period.
19 (Id., Notice of Removal.) The Complaint in Albano III was filed January 31, 2008
20 (Consol. Case, Dkt. 1, Notice of Removal, Ex. A). Defendant SHAZLP filed a voluntary
21 appearance on March 13, 2008 and filed its Notice of Removal on the same day. (Id.,
22 Notice of Removal ¶ 2).

23  Plaintiffs assert that Defendants waived their right to remove these cases by not
24 removing the previous cases, Hoffman or Albano I. Plaintiffs' Reply repeats this theme,
25 arguing that more than one year has passed since Hoffman was filed, and removal is
26 therefore prohibited by 28 U.S.C. § 1447(b). (Lead Case, Dkt. 50, Pls.' Reply 2-4.)
27 Plaintiffs cite no authority for their novel proposition. Additionally confusing is the
28 Reply's repeated discussion of when these actions commenced for purposes of the *statute*

- 6 -

*of limitations.* (Pls.' Reply 2, 4.) The issue is not whether Plaintiffs' claims have been timely brought under the applicable statute of limitations, but whether Defendants timely removed the current cases under § 1446(b). Defendants acted promptly to remove these cases within 30 days, and have done nothing in these cases to waive their right to do so.

### D. Motion for Costs and Fees

Plaintiffs' present three arguments for remanding this matter to Superior Court. Their argument regarding diversity of citizenship directly contradicts the Carden holding; no evidence accompanies their argument regarding the amount in controversy; and no authority supports their position regarding waiver. Plaintiffs' request for costs and fees incurred in bringing this motion—the final of four attempts at remand (see Lead Case Dkts. 9, 19, 23, 47)—will be denied.

### CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Remand and Motion for Costs and Fees will be denied. The Court having found that this case is properly in federal court, it will address the parties' Joint Motion for Hearing on Various Pending Motions (Lead Case, Dkt. 37). As these cases were consolidated and several motions filed before these cases were reassigned from Judge Teilborg. The Court finds it beneficial to hold a status conference, at which counsel and the Court may discuss how best to proceed with these matters. This conference will not involve oral arguments on any pending motions.

Accordingly,

**IT IS HEREBY ORDERED** denying Plaintiffs' Motion to Remand and Motion for Costs and Fees (Lead Case, Dkt. 47).

//
//
//
//
//
//

1  **IT IS FURTHER ORDERED** granting in part the parties' Joint Motion for Hearing (Lead Case, Dkt. 37).  A status conference will be held on **Tuesday, August 5, 2008 at 1:30 p.m.**  The purpose of the status conference shall be to chart an efficient course for resolving the motions pending in these cases, and not to hear oral arguments.  Should counsel for any party have a conflict with the date and time scheduled, they shall coordinate a suitable alternative time with counsel for all other parties before requesting a continuance.

DATED this 25th day of July, 2008.

_____
Stephen M. McNamee
United States District Judge