**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred Albano, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Shea Homes Limited Partnership, et al.,<br><br>　　　　　Defendants. | No. CV-07-2359-PHX-SMM<br>No. CV-08-505-PHX-SMM (consolidated)<br><br>**ORDER** |

  Before the Court is Plaintiffs' Offer of Judgment as to Robert & Cynthia Kegerreis pursuant to Fed. R. Civ. P. 68 (Dkt. 75). Rule 68 states that "more than 10 days before the trial begins, a party *defending against a claim* may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a) (emphasis added). Rule 68 only applies only to offers made by *defendants*. Delta Air Lines Inc. v. August, 450 U.S. 346, 350 (1981). No similar procedure applies for settlement demands by plaintiff. Id. However, if a counterclaim for money damages has been asserted against plaintiff, a Rule 68 offer may be made to that claim. Simon v. Intercontinental Transport (ICT) B.V., 882 F.2d 1435 (9th Cir. 1989). Rule 68 further states that only after the other party's acceptance can either party file the offer and notice of acceptance. See Fed. R. Civ. P. 68(a). An unaccepted offer is considered withdrawn and is not admissible, except in a proceeding to determine costs. Fed. R. Civ. P. 68(b).

1  Here, Plaintiffs made an offer of judgment to Defendants and filed it with the
2  Court. Plaintiffs are not defending against a claim or counterclaim. Therefore, Rule 68
3  does not apply to Plaintiffs, and Plaintiffs cannot make an offer of judgment pursuant to
4  Rule 68. Furthermore, even if Plaintiffs' offer of judgment was valid under Rule 68,
5  Plaintiffs should not have filed it until after Defendants have accepted it.

6  Accordingly,

7  **IT IS HEREBY ORDERED** striking Plaintiffs' Offer of Judgment as to Robert &
8  Cynthia Kegerreis (Dkt. 75).

9  DATED this 4th day of November, 2008.

*[signature]*
Stephen M. McNamee
United States District Judge