**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred Albano, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Shea Homes Limited Partnership, et al.,<br><br>　　　　Defendants. | No. CV-07-2359-PHX-SMM<br><br>No. CV-08-505-PHX-SMM (consol.)<br><br>**MEMORANDUM AND DECISION OF ORDER** |

Before the Court is Defendants' Motion for Summary Judgment as to the Kegerreis Plaintiffs. (Dkt. 69.) Defendants' request for oral argument is denied, as this issue can be resolved on the parties' submissions. (Dkt. 76, 78.) For reasons discussed below, the Court grants the Motion for Summary Judgment.

**BACKGROUND**[1]

The cases consolidated before the Court represent the third and fourth lawsuits alleging construction defects in homes owned by Plaintiffs in a community located in Gilbert, Arizona known as Carriage Lane. The first case, captioned <u>Mark Hoffman, et al. v. Shea Homes Limited Partnership, et al.</u>, CV2003-011388 ("<u>Hoffman</u>"), was filed in superior court in June 2003. <u>Hoffman</u> was a purported class action, but plaintiffs did not move for class

---

[1] For a more complete procedural background of this consolidated case, see this Court's Order dated September 9, 2008. (Dkt. 56.)

1 certification until November 2005, nearly 30 months after filing the complaint. On February
2 24, 2006, the superior court denied the motion for class certification as untimely and on the
3 merits. (Dkt. 7, Defs.' Statement of Facts ("DSOF") ¶ 7.) The court found plaintiffs'
4 explanation for their delay in seeking class certification "unpersuasive and, essentially,
5 undocumented." (Id., Ex. E at 3.) The Court also denied plaintiffs' motion to amend the
6 complaint as untimely and prejudicial. The three named plaintiffs in Hoffman subsequently
7 settled.

8 On March 1, 2006, Plaintiffs' counsel sent a Notice and Opportunity to Repair
9 ("NOR") to Defendant Shea Homes Limited Partnership ("Shea"). (DSOF ¶ 9.) Plaintiffs
10 then filed a second action in Superior Court, Albano, et al. v. Shea Homes Limited
11 Partnership, CV2006-00812 ("Albano I"). The court dismissed the case for failure to comply
12 with the requirements of the Arizona Purchaser Dwelling Act, A.R.S. § 12-1361 *et seq.*
13 ("PDA"). The court found that certain plaintiffs in Albano I had not provided NORs or
14 permitted inspection of their homes. (DSOF, Ex. H at 2-3.) The court further found that the
15 remaining plaintiffs had not responded to defendants' initial offer to repair. (Id. at 3-4.)
16 Because the plaintiffs failed to comply with the PDA, the court granted defendants' motion
17 to dismiss Albano I.

18 Upon receipt of the court's ruling in Albano I, Plaintiffs sent additional NORs to Shea
19 pursuant to the PDA. On November 5, 2007, Plaintiffs commenced a third action in superior
20 court, Albano, et al. v. Shea Homes Limited Partnership, CV2007-020525 ("Albano II" or
21 "Lead Case"). Defendants removed Albano II to federal court on the basis of diversity
22 jurisdiction, case number CV-07-2359. (Albano II, Dkt. 1.)

23 During the summary judgment stage, Plaintiffs became procedurally confused and
24 mistakenly believed that the Court had dismissed Albano II. Therefore, Plaintiffs filed yet
25 another action in superior court, this time naming as the sole defendant Shea Homes Arizona
26 Limited Partnership ("SHAZLP"). Albano et al. v. Shea Homes Arizona Limited
27 Partnership, CV2008-002357 ("Albano III"). SHAZLP filed a voluntary appearance in
28

superior court and removed Albano III to federal court on diversity grounds, case number CV-08-505.

Plaintiffs then filed numerous, overlapping motions in Albano II and Albano III. The Court consolidated the two cases, struck all of the overlapping motions, and held a hearing to determine an efficient course for resolving the issues. The parties agreed that the issues presented in the Albano II and Albano III motions for summary judgment could be resolved by a single order.

Subsequently, the Court granted Defendants' Motion for Summary Judgment in Albano III. (Dkt. 56, Order dated September 9, 2008.) The Court also granted Defendants' Motion for Summary Judgment in Albano II as to all Plaintiffs, except Plaintiffs Robert and Cynthia Kegerreis ("Kegerreis Plaintiffs"). The Court denied in part as to the Kegerreis Plaintiffs with leave to refile. (Id.) On September 23, 2008, Plaintiffs moved for reconsideration of these orders (Dkt. 60), which the Court denied. (Dkt. 81, Order dated December 31, 2008.) On October 3, 2008, Defendants moved for summary judgment on all counts as to Plaintiffs Robert and Cynthia Kegerreis. (Dkt. 69.)

**STANDARD OF REVIEW**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which facts are material. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); see also Jesinger, 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." Id.; see Jesinger, 24 F.3d at 1130.

1    A principal purpose of summary judgment is "to isolate and dispose of factually
2    unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate
3    against a party who "fails to make a showing sufficient to establish the existence of an
4    element essential to that party's case, and on which that party will bear the burden of proof
5    at trial." Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir.
6    1994). The moving party need not disprove matters on which the opponent has the burden
7    of proof at trial. See Celotex, 477 U.S. at 323-24. The nonmovant "may not rest upon the
8    mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts
9    showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Matsushita Elec.
10   Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-88 (1986); Brinson v. Linda Rose
11   Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). A district court can only consider
12   admissible evidence in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(e); Orr
13   v. Bank of America, 285 F.3d 764, 773 (9th Cir. 2002).

## DISCUSSION

15   The Court permitted Defendants to refile a motion for summary judgment addressing
16   the timeliness of the Kegerreis Plaintiffs' claims. The Court noted that the first Motion for
17   Summary Judgment focused on the overarching issues of tolling. The Court determined that
18   legal tolling applies for the period of time between the filing of the Hoffman motion for class
19   certification and the time that motion was denied – November 2, 2005 to February 24, 2006.
20   Therefore, the Court allowed the parties to argue in a refiled motion for summary judgment
21   the precise date on which the statute of repose barred the Kegerreis Plaintiffs' claims.

22   At the time the motion for class certification was filed, the statute of repose had
23   passed for all but one home, lot number 138, located at 3047 E. Indigo Bay Drive, owned by
24   the Kegerreis Plaintiffs. (Dkt. 55, Joint Stipulation, Ex. A.) The Kegerreis Plaintiffs' home
25   was the last home inspected by the Town of Gilbert. The Town of Gilbert conducted the
26   final inspection on November 6, 1997. (Id.) The Hoffman plaintiffs filed the motion for
27   class certification on November 2, 2005, just days before the statute of repose expired on
28   November 6, 2005. The statute of repose then tolled until February 24, 2006, when the

- 4 -

1  Hoffman court denied the motion for class certification.  Kegerreis Plaintiffs, through
2  counsel, submitted a NOR to Shea on March 1, 2006.  (PSOF, Ex. G.)  If timely received,
3  the NOR would toll the statute of repose for an additional ninety days.  A.R.S. § 12-1363(H).
4  Plaintiff submitted the NOR in advance of Albano I, which was dismissed for failure to
5  comply with the PDA.  The Court previously found that the savings statute applies between
6  Albano I and Albano II, such that the Kegerreis Plaintiffs' Albano II claim is timely if their
7  Albano I claim was timely.  See A.R.S. § 12-504(A).  In contradiction with Plaintiff's
8  responsive statement, the Court did not find that "the Kegerreis Plaintiffs had filed all claims
9  within the statute of limitations [sic] codified in A.R.S. sect. [sic] § 12-552 . . . in its Order
10 dated September 9, 2009" (Dkt. 76, 1:22-24).[2]

11 Defendants' Motion for Summary Judgment as against the Kegerreis Plaintiffs turns
12 on whether the statute of repose expired.  This question depends on whether certain days
13 should be included in or excluded from the period.

14 **A.    Determining the Period under the Arizona Statute of Repose**

15 Under the Arizona Revised Statutes, "the time in which an act is required to be done
16 shall be computed by excluding the first day and including the last day, unless the last day
17 is a holiday, and then it is also excluded."  A.R.S. § 1-243(A).  Similarly under both the
18 Arizona and Federal Rules of Civil Procedure, the day of the event is excluded, but the last
19 day of the period is included unless it is a weekend or holiday.  Ariz. R. Civ. P. 6(a); Fed. R.
20 Civ. P. 6(a).

21 The statute of repose prohibits any actions from being instituted "more than eight
22 years after substantial completion of the improvement to real property."  A.R.S. § 12-552(A).
23 The statute defines "substantially complete [as] when any of the following *first occurs*": (1)
24 it is first used by the owner or occupant, (2) it is first available for use after having been

---

[2] The Court did note in its previous Order that the "misrepresentation of the record in Albano II has been a consistent theme throughout Plaintiffs' filings," and "the Court views these repeated misrepresentations as inexcusable." (Dkt. 56, 3 n. 2.)

- 5 -

1  completed according to the contract or agreement, or (3) final inspection, if required, by the
2  governmental body which issued the building permit. A.R.S. § 12-552(E) (emphasis added).

3  Under the Arizona Purchaser Dwelling Act, a purchaser must provide written notice
4  to a seller specifying in reasonable detail the basis of a dwelling action before filing it.
5  A.R.S. § 12-1363(A). A purchaser's written notice tolls the statute of repose until ninety
6  days *after the seller receives the notice* or for a reasonable period agreed to in writing by the
7  parties. A.R.S. § 12-1363(H).

8  Here, Plaintiffs' main argument is that the statute of repose began running when the
9  home was completed, which was at the close of escrow on December 22, 2005 (Dkt. 76, 4:8-
10 5:7). However, the statute clearly contemplates that a home only needs to be "substantially
11 complete." A.R.S. § 12-552(A),(E). Furthermore, a home is "substantially complete" when
12 any of three events first occur, such as the final inspection by the town that issued the
13 building permit. Id.

14 The Town of Gilbert conducted the final inspection on November 6, 1997. Therefore,
15 the period under the statute of repose began running on this date, but it is excluded from the
16 period. See A.R.S. § 12-552(E); A.R.S. § 1-243(A). The Hoffman plaintiffs moved for class
17 certification on November 2, 2005, which stopped the running of the period but is included
18 in the period. See A.R.S. § 1-243(A). As the period would have expired on November 6,
19 2005, there were 4 days left in the period when it stopped on November 2, 2005. When the
20 Hoffman court denied class certification on February 24, 2006, the period began running

1   again but this date is excluded from it.[3]  Because only 4 days were left in the period, the
2   period expired on February 28, 2006.

3       Plaintiff did not send the NOR until March 1, 2006. Defendants dispute the validity
4   of the NOR because it did not specify in reasonable detail the basis of the Kegerreis
5   Plaintiffs' dwelling action. Even assuming the NOR was valid, it only would have tolled the
6   statute of repose until ninety days after Defendants *received* it. A.R.S. § 12-1363(H). Both
7   the NOR and its postmark are dated March 1, 2006. (Dkt. 70, Ex. 1.) Defendants allege that
8   they did not receive the NOR until March 2, 2006, and they submit evidence that Plaintiffs
9   sent the NOR by regular, not express, certified mail. (Id.) Therefore, the Court finds that the
10  earliest Defendants could have received the NOR is March 2, 2006. Regardless, the period
11  under the statute of repose expired on February 28, 2006.

12      Plaintiffs have not submitted any evidence or set forth specific facts showing that
13  there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 585-88;
14  Brinson, 53 F.3d at 1049. Plaintiffs "may not rest upon the mere allegations or denials of
15  [its] pleadings." Id.   As such, the Albano I claim was untimely, and the savings statute does
16  not apply between Albano I and Albano II. See A.R.S. § 12-504(A). Therefore, the statute
17  of repose bars the Kegerreis Plaintiffs from maintaining this action.
18  ///

19

20      [3] Plaintiffs allege that they received the minute entry order by mail five days later on March
    1, 2006 (Dkt. 76, 3:23-24). However, they provide no evidence of this allegation. Plaintiffs merely
21  cite to this Court's previous order, which simply stated that Plaintiffs submitted a NOR to
    Defendants on March 1, 2006 (Dkt. 56, 20:19-20). Furthermore, a judicial order is normally
22  effective when filed and docketed. See Haroutunian v. Valueoptions, Inc., 218 Ariz. 541, 545, 189
    P.3d 1114, 1118 (Ct. App. 2008) (holding that the date a judgment is entered determines whether
23  an appeal or motions are timely); Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1054 (9th Cir.
24  2007); see also Georcely v. Aschcroft, 375 F.3d 45, 48 (1st Cir. 2004) (citing United States v.
    Fiorelli, 337 F.3d 282, 287 (3d Cir.2003); Willhauck v. Halpin, 953 F.2d 689, 701 (1st Cir.1991);
25  11 Wright, Miller, & Kane, Federal Practice and Procedure § 2785 (2d ed. 1995 & Supp. 2004));
    SEC v. Van Waeyenberghe, 284 F.3d 812, 815 (7th Cir. 2002) (holding that the date an order is
26  docketed starts the time for purposes of motions practice and appeals). The minute entry here
    constituted an order, which Plaintiffs concede. (Dkt. 76, 3:5-6) ("Plaintiffs did not receive this
27  Order . . ."); see Yourish v. Cal. Amplifier, 191 F.3d 983, 986 (9th Cir. 1999) (finding a "minute
28  order" was an order).

**CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment as to the Kegerreis Plaintiffs in <u>Albano II</u>, CV-07-2359 (Dkt. 69) is **GRANTED**. The Clerk of the Court is directed to enter judgment in favor of Defendants and terminate this matter.

DATED this 6th day of April, 2009.

_____
Stephen M. McNamee
United States District Judge